IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

VINCENT FISHER,                                                                              PLAINTIFF

v.                                    Civil No. 4:07-cv-4053

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                               DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Vincent Fisher, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI), under the provisions of Titles II and XVI of the Social Security Act (Act). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Procedural Background:

Plaintiff protectively filed for SSI and DIB on November 10, 2004 alleging disability since February 1, 2003, due to residuals from a gunshot wound whereby a bullet went through his heart and lung. (Tr. 51-53, 82). Plaintiff's applications were denied initially and on reconsideration. (Tr. 29-36). Pursuant to Plaintiff's request, an Administrative Law Judge (ALJ) held a hearing on August

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

10, 2006. Plaintiff, represented by attorney Mike Sherman, appeared and testified at the hearing, along with vocational expert (VE) Dr. Millard Vance Sales. (Tr. 159-184). On December 27, 2006, the ALJ issued an unfavorable decision. (Tr. 12-19). The ALJ's decision became the final decision of the Commissioner when the Appeals Council concluded that no basis existed for review of the ALJ's decision. (Tr. 4-6).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

"physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding him not disabled. The Plaintiff argues the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984); and

3

the ALJ failed to develop the record with respect to Plaintiff's RFC. The Defendant argues the ALJ properly applied the factors of *Polaski*, and the ALJ properly developed the record.

### **A. Credibility of Plaintiff's Subjective Complaints**

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaints, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In this case, the ALJ did not simply discredit Plaintiff's subjective complaints without explanation. The ALJ properly applied the factors enumerated in *Polaski*, and determined based upon the record as a whole, Plaintiff's complaints were not credible to the extent alleged. (Tr. 15-17).

The ALJ considered Plaintiff's limited medical treatment. (Tr. 16-17). Failure to seek medical treatment is inconsistent with complaints of disabling pain. *See Benskin v. Bowen*, 830 F.2d 878, 884 (8th Cir. 1987). The record shows Plaintiff was treated at Wadley Regional Medical Center on February 2, 2003 for a gunshot wound to the chest. The Plaintiff had surgery to repair the damage and was discharged on February 16, 2003. (Tr. 112-135). The Plaintiff had no further medical treatment until January 27, 2005 when he was seen at Charitable Christian Medical Clinic with complaints of headache, joint pain and chest pain. (Tr. 155). The ALJ found this limited treatment was not indicative of disabling pain. *See Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). The Plaintiff was not receiving any medical treatment at the time of the hearing on August 10, 2006, as he was being housed at the Hempstead County, Arkansas Jail. (Tr. 16, 164).

As for aggravating factors and functional limitations, the Plaintiff testified he can stand or walk for one and half hours, can sit for 30 minutes and can lift 15-20 pounds. (Tr. 173-175). The Plaintiff further testified it was possible he could perform a job which involved a combination of sitting, standing and walking during the course of an eight-hour work day. (Tr. 174). These activities are inconsistent with complaints of disabling pain.

The ALJ also considered and discussed the objective medical evidence concerning Plaintiff's impairments. (Tr. 16-17). The lack of objective medical evidence in support of Plaintiff's subjective complaints is one important factor, out of many, for consideration by the ALJ when evaluating Plaintiff's allegations of disabling symptoms. *See Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999). The medical findings do not support Plaintiff's claim of total disability.

I find substantial evidence to support the ALJ's credibility determination regarding Plaintiff's subjective complaints and the ALJ performed a proper analysis of the factors set forth in *Polaski*.

**B. ALJ's Duty to Develop the Record**

The Plaintiff argues the ALJ should have further developed the record with respect to Plaintiff's RFC and substantial evidence does not support the ALJ's RFC findings. The Plaintiff argues the RFC findings are based on the opinion of a non-examining and non-treating physician, and as such, does not constitute substantial evidence. *See Nevland v. Apfel*, 204 F.3d 853,856 (8th Cir. 2000). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

The ALJ bears the primary responsibility for making the RFC determination and for ensuring

that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 863 (8th Cir. 2000).

The ALJ found Plaintiff had the RFC for a wide range of sedentary work activity, with some postural limitations. (Tr. 17). The ALJ, in making this determination, found Plaintiff was limited in lifting more than 10 pounds; could sit for six hours in an eight-hour work day; could stand or walk for two hours in an eight-hour work day; and could occasionally climb, balance, stoop, kneel, crouch or crawl. (Tr. 15). The ALJ has the responsibility to determine RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *See Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005).

In this matter, the ALJ's RFC determination was based on substantial evidence. The ALJ based this finding on the Plaintiff's own testimony, the opinions of a physician who performed a consultative exam, and the findings of a Physical RFC Assessment. The ALJ fully and fairly developed the record in this matter.

The Plaintiff testified he can stand or walk for one and half hours, can sit for 30 minutes and can lift 15-20 pounds. (Tr. 173-175). The Plaintiff further testified it was possible he could perform a job which involved a combination of sitting, standing and walking during the course of an eight-hour work day. (Tr. 174). The Plaintiff also testified he was able to use his hands, arms, and legs to attend to his personal needs. (Tr. 175).

On March 28, 2005, the Plaintiff was seen for a consultative physical exam at the Prescott Family Clinic. (Tr. 136-141). The Plaintiff gave a history of having a gunshot wound and constant pain. (Tr. 136). Plaintiff had normal range of motion in his back, neck and all extremities. (Tr. 139). The examination indicated Plaintiff was neurologically intact. (Tr. 137).

The ALJ also considered the RFC assessment performed by Dr. Robert Beard on August 31, 2005. (Tr. 142-149). Dr. Beard's assessment indicates Plaintiff is capable of sedentary work levels with occasional postural limitations. (Tr. 143-144).

I find the ALJ properly developed the record and the ALJ's determination that Plaintiff has the RFC for sedentary work is supported by substantial evidence.

**4. Conclusion:**

The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ. Accordingly, the Commissioner's decision should be affirmed, and the Plaintiff's complaint dismissed with prejudice. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **23rd day of June 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE